WALDEN, Judge
(dissenting).
Defendant manufactured and installed certain window wall units consisting of large sliding glass doors in the plaintiff’s building. The work was done in accordance with the plaintiff’s plans and specifications and in compliance with the requirements of the local building code. Defendant guaranteed the water tightness of the installation.
Hurricane Betsy forced water under and around the units and into the plaintiff’s building. Thereafter, plaintiff substantially altered the sliding doors so as to make them immobile. Among other things, pieces of aluminum were installed to form a dike between the door tracks and the interior and caulking material was placed around the edges of all of the framed panels. Plaintiff demanded payment from the defendants for the costs of the alterations and additions, together with the cost of cleaning up the water after the storm. The trial court granted judgment for the plaintiff. I would reverse.
While conceivably under the evidence the trial court would be warranted in ordering judgment for the water damage, I feel that the construction of the guarantee so as to award damages for major alterations in the installation as a consequence of an abnormal weather situation, namely, Hurricane Betsy, was in error. Certainly reason and common sense would dictate that under severe hurricane conditions you would necessarily expect water seepage around any and all movable glass windows. Suppose the wind had blown the windows out totally — or even blown the building away — is the guarantee so absolute and unconditional that it must be construed as giving plaintiff a right to damages against defendant for a new installation according to different plans and specifications conceived by plaintiff? I think not.
Further, the expense of caulking, $9,760.-00, cannot be laid at the defendant’s door as there is no showing as to the real necessity of same, coupled with the fact that a portion of same was for an application of caulking material to the seam between the floor slab and the concrete block base, which area was not in anywise connected to defendant’s work or responsibility.
I would reverse.